IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISA MARIE HENDERSON-CROUCH     *
                                                                               *
                  v.                                      *          Civil Case No. JFM-16-4131
                                                                        *
COMMISSIONER, SOCIAL SECURITY     *
                                                                 *
                                                             *************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' dispositive cross-motions, and Ms. Henderson-Crouch's reply. [ECF Nos. 16, 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Henderson-Crouch filed an application for Disability Insurance Benefits on September 19, 2012, alleging a disability onset date of July 1, 2012. (Tr. 166-73). Her application was denied initially and on reconsideration. (Tr. 76-86, 88-103). An Administrative Law Judge ("ALJ") held a hearing on February 25, 2015, at which Ms. Henderson-Crouch was represented by counsel. (Tr. 41-75). Following the hearing, the ALJ determined that Ms. Henderson-Crouch was not disabled within the meaning of the Social Security Act. (Tr. 18-40).

The Appeals Council denied Ms. Henderson-Crouch's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Henderson-Crouch suffered from the severe impairments of obesity, joint pain, epicondylitis, cervical and lumbar degenerative disc disease, sacroiliac joint dysfunction, anxiety disorder and panic disorder, mood disorder including bipolar disorder and major depressive disorder, and fibromyalgia. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Henderson-Crouch retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can perform no more than occasional postural activities, but never crawl or kneel; cannot use stairs or ramps more than occasionally; cannot work at exposed heights; and can no more than occasionally work around moving machinery. The claimant is further limited to unskilled work; and can have no more than occasional interaction with coworkers, supervisors, and the general public.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Henderson-Crouch could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 34-35).

Ms. Henderson-Crouch's primary argument on appeal is that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).[1] Pl. Mot. 1-8. I agree, and therefore recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Henderson-Crouch is not entitled to benefits is correct or incorrect.

---

[1] Ms. Henderson-Crouch also argues that the ALJ failed to evaluate the opinions of two treating physicians, Drs. Silver and Butler. Specifically, she contends that, although the ALJ assigned "great weight" to these opinions, (Tr. 32), the ALJ failed to include restrictions in the RFC assessment corresponding to the physicians' findings that Ms. Henderson-Crouch had "moderate" limitations in concentration, persistence, or pace. Pl. Mot. 9-15. Because I recommend remand due to the ALJ's analysis of Ms. Henderson-Crouch's issues in concentration, persistence, or pace, the ALJ should, on remand, evaluate the opinions of Drs. Silver and Butler and determine whether substantial evidence merits the inclusion of a limitation in concentration, persistence, or pace. *See Dardozzi v. Colvin*, No. SAG-16-20, 2016 WL 6085883, at *4 (D. Md. Oct. 18, 2016) (citing *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)).

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired,

as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

4

In the instant case, the ALJ found that Ms. Henderson-Crouch had "moderate" difficulties maintaining concentration, persistence, or pace. (Tr. 26). The entirety of the analysis states, "The claimant indicated that she has difficulty concentrating. However, the claimant was described as having good/ normal (*sic*) attention at multiple medical appointments. Further, at the consultative examination in July[,] 2013, the claimant made slight mistakes on serial sevens, but was able to spell a word backward, and had normal recall. The claimant's ability to drive also demonstrates an ability to concentrate to some degree." *Id.* According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Henderson-Crouch's case suggests that the finding of "moderate" difficulties was based exclusively on Ms. Henderson-Crouch's reported difficulties in concentration, since the remaining sentences in the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Henderson-Crouch to have moderate difficulties in

5

concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "unskilled work" with "no more than occasional interaction with coworkers, supervisors, and the general public." (Tr. 27). Indeed, the ALJ's analysis entirely fails to address Ms. Henderson-Crouch's ability to sustain work over an eight-hour workday. In light of this inadequacy, I recommend that the case be remanded to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 17);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 16);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 2, 2017                                         /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge